[Crim. No. 3800. Fourth Dist., Div. One. May 17, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD ELLSWORTH WILSON, Defendant and Appellant.

## COUNSEL

Artie G. Henderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Joel S. Moskowitz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, Acting P. J.**—Defendant was convicted of the offense of conspiracy to transport marijuana, upon a plea of nolo contendere; was granted probation; and appeals, contending denial of his motion to suppress evidence was error requiring a reversal.

On August 3, 1967, defendant subscribed for the services provided by a telephone answering service; wanted to receive telephone messages through the answering service; did not want a telephone line for himself; but wanted one of the lines of the answering service used for this purpose. Under this system messages from persons to whom defendant gave the telephone number of the answering service assigned for this purpose were received by the answering service; were reduced to writing on a form identified as a "green slip"; and were conveyed to defendant in person when he came to the office of the answering service or over the telephone during a call initiated by him. Defendant, by choice, could not be reached by telephone. The answering service retained the green slips which noted the messages received, when they were received, and when they were conveyed to the subscriber. Most of the messages received under the arrangement aforesaid came from Tijuana, Mexico and, in general, related information supporting the conclusion defendant was being advised when to come to Tijuana to receive merchandise.

The fee charged defendant by the answering service was payable on the third day of each month. The charge payable on October 3d was not received. After this date defendant never came into or telephoned the answering service office again.

On October 4, 1967, a narcotics agent named McLaughlin told the answering service employees they should notify him if any calls came in for defendant. From what source McLaughlin obtained the information

defendant was using the answering service and the basis for his request to notify him if any calls came for defendant, is not disclosed.

Although defendant's written notice of motion to suppress did not specify the particular items of evidence to which it was directed, we assume defendant sought to suppress the green slips which had been introduced in evidence at a previous trial. At the hearing on the motion the parties stipulated "that Narcotics Agent Mr. McLaughlin, who got the message, who obtained the information, what the message said, had neither a search warrant nor a subpoena." Premised on this stipulation, we infer McLaughlin obtained the green slips from the answering service.

■ Defendant contends the court erred in denying his motion to suppress because divulgence by the answering service to McLaughlin of the telephone messages it received for defendant violated the provisions of the first clause of section 605, volume 47 of the United States Code; was a violation of defendant's Fourth Amendment right to privacy as declared in *Katz* v. *United States,* 389 U.S. 347 [19 L.Ed.2d 576, 88 S.Ct. 507]; and was a violation of Penal Code sections 631 and 637.

The provisions of 47 United States Code section 605, upon which defendant relies in support of his contention divulgence of the messages in question by the answering service to McLaughlin was unlawful declare: "No person receiving or assisting in receiving . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, . . . to any person other than the addressee, his agent, or attorney, . . . or in response to a subpena issued by a court of competent jurisdiction, or on demand of other lawful authority. . . ."

In the case at bench the answering service was the addressee or recipient of the telephone communications from Tijuana. The application of section 605 to those communications terminated upon receipt thereof by the answering service. This conclusion is dictated by the provision of section 605 which limits proscription of divulgence of a communication by a person receiving such "to any person other than the addressee." The answering service, by contract, agreed to be the addressee of telephone communications from persons to whom defendant gave the telephone number assigned by it; also agreed with defendant, impliedly, to convey to him the content of those communications; but did not agree with the senders to convey those communications to the defendant. The release by the answering service of the contents of the communications received by it in the course of performance of its agreement with defendant did not violate any duty imposed upon it by section 605. (*United States* v. *McGuire,* 381 F.2d 306, 315, cert. den. 389 U.S. 1053 [19 L.Ed.2d 848, 88 S.Ct. 801].)

We need not determine whether the action of the answering service violated a duty imposed upon it by its agreement. The statute, i.e., section 605, did not create a new category of confidential communications. (*United States* v. *Pasha*, 332 F.2d 193, 197.)

Furthermore, excluded from the proscription imposed by the first clause of section 605 is divulgence of a communication "in response to a subpena issued by a court of competent jurisdiction, or on demand of other lawful authority." By stipulation of the parties it was agreed Officer McLaughlin did not receive the information which was the subject of the telephone communications from Tijuana, or the green slips recording such, by search warrant or subpoena. There is no showing this information and the green slips were not given to him upon his demand in the discharge of his duty to investigate and prosecute narcotics offenses. ■ A defendant asserting the inadmissibility of evidence allegedly divulged in violation of section 605 has the burden of showing the divulgence occurred in a manner violative of that section. (*Nolan* v. *United States*, 423 F.2d 1031, 1044-1045.) Divulgence of communications subject to the application of section 605 upon demand of lawful authority does not violate that section. (*People* v. *Garber*, 275 Cal.App.2d 119, 128 [80 Cal.Rptr. 214].)

Defendant's contention divulgence by the answering service of the communications received by it from Tijuana is proscribed by the decision in *Katz* v. *United States, supra*, 389 U.S. 347 [19 L.Ed.2d 576, 88 S.Ct. 507], as a violation of the right to privacy guaranteed him by the Fourth Amendment of the United States Constitution, must be rejected upon the ground the decision in the cited case does not apply to alleged violations occurring before it was rendered. (*Desist* v. *United States*, 394 U.S. 244 [22 L.Ed.2d 248, 89 S.Ct. 1030]; *People* v. *Mabry*, 71 Cal.2d 430, 442 [78 Cal.Rptr. 655, 455 P.2d 759]; *People* v. *Garber, supra*, 275 Cal.App.2d 119, 126.) *Katz* was decided December 18, 1967 and divulgence in the case at bench occurred before that date. In rejecting defendant's contention upon the foregoing ground we do not intimate the facts in the case at bench authorize application of the rule in *Katz*.

■ Defendant's reliance upon Penal Code sections 631 and 637 in further support of his contention divulgence of the communications from Tijuana was unlawful, is misplaced.

In some aspects the provisions of Penal Code section 631 are patently ambiguous. Defendant quotes a portion of the section in his brief but does not demonstrate its applicability to the situation at hand. The section prohibits wire tapping of any telegraph or telephone wire; reading, attempting to read or learn the contents of any communication "while the same is in

transit or passing over any such wire" without the consent of all parties to the communication; and communicating "any information so obtained." The information communicated, i.e., allegedly divulged, by the answering service was obtained by it with the consent of all parties to the communications. On this basis alone section 631 does not apply to the transaction under consideration. Furthermore, within the meaning of the section the information received by the answering service was not obtained while the communications from Tijuana were in transit or passing over any wire, but was obtained after and not "while" they were in transit or passing "over" the telephone wire.

■ The pertinent part of Penal Code section 637 to which defendant directs attention provides, "Every person not a party to a . . . telephonic communication who willfully discloses the contents of a . . . telephonic message . . . addressed to another person, without the permission of such person" is punishable by imprisonment. The answering service was a party to the telephonic communications originating in Tijuana; was the addressee of those communications; and did not violate section 637 when it disclosed the contents of the messages received. The answering service received the messages over the telephone line for the use of which it had subscribed. The originator of the messages in Tijuana, by its use of the telephone line in question, addressed those messages to the answering service. The fact the answering service had agreed with defendant to convey messages to him after their receipt does not bring them within the purport of section 637.

The judgment is affirmed.

Whelan, J., and Ault, J., concurred.